**Kalinowski
Declaration Exhibit C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELEANOR BACHMAN, et. al., . | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV00659 ERW |
| | ) | |
| A.G. EDWARDS, INC., and A.G. | ) | |
| EDWARDS & SONS, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Remand [doc. #9], and

Defendants' Motion to Dismiss [doc. #13].

## I.    PROCEDURAL HISTORY

Plaintiffs Bachman, McClintock and Karol B. McClintock IRA ("Plaintiffs") on behalf of

themselves and all others similarly situated, filed a Class Action Petition against Defendants A.G.

Edwards Inc., and A.G. Edwards & Sons, Inc. ("Defendants") on April 12, 2005, in the Circuit

Court of the City of St. Louis, Missouri.  According to the Petition, the instant action is one for

"breach of fiduciary duties and unjust enrichment on behalf of current and former clients of

[Defendants]."  Pet. ¶1.  On May 13, 2005, Defendants filed a timely motion to remove the case

to Federal Court, on the grounds that Plaintiffs' claims were preempted by the Securities

Litigation Uniform Standards Act of 1998 ("SLUSA"). 15 U.S.C. 78bb *et seq.* (2006).  This

Court found that Plaintiffs claims were not covered by SLUSA, and remanded the case back to

the Circuit Court for lack of jurisdiction.  *Bachman v. A.G. Edwards*, Case No. 4:05cv00770

ERW, 2005 U.S. Dist. LEXIS35684 (E.D. Mo. Sept. 26, 2005) ("*Bachman I*").  In *Bachman I*,

this Court held that the claims asserted by Plaintiffs were not "in connection with" the purchase or sale of a security. *Id.* at 11. This Court did not address whether Plaintiffs' claims alleged misrepresentations or omissions of material fact, as it had found that the first requirement for SLUSA preclusion was not met. *Id.* On April 19, 2006, Defendants filed a second notice of removal [doc. #1], again alleging that Plaintiffs claims are precluded by SLUSA, based on the subsequent Supreme Court decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*. 126 S.Ct. 1503 (2006) ("*Dabit*"). Plaintiffs filed a second Motion to Remand to State Court, which is now before this Court. [doc. #9]. Defendants responded to Plaintiffs' Motion to Remand, and also filed a Cross Motion to Dismiss [doc. #13].

## II.    FACTUAL BACKGROUND[1]

Plaintiffs allege that Defendants, as fiduciaries and trustees of their clients, breached their fiduciary duties through a device known as "revenue sharing." This allegedly allowed Defendants to receive "kickbacks" for their clients assets that were invested in a select group of preferred mutual funds. The Plaintiffs further allege that the amount of the kickbacks was based on the amount of assets the Defendants' clients held in these companies' funds. Defendants deny these allegations, and additionally argue that this case is a class action alleging misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security and therefore is precluded by SLUSA and should be dismissed. 15 U.S.C. at § 77bb.

## III.   STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] It is unnecessary to provide a detailed summary of the facts of this case, as this Court does not address the merits of Defendants' substantive claim that the case is precluded by SLUSA. Therefore, the Court briefly summarizes the facts, taken largely from Plaintiffs Summary of the Allegations of the Petition, in their Motion to Remand.

by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c) (2006).

In addition to the substantive requirements for removal to federal court, the party seeking removal must comply with certain procedural requirements. A defendant has a right to remove "any action brought in State court of which the district courts of the United States have original

jurisdiction." 28 U.S.C. § 1441(a).  A defendant must file a notice of removal in the district court within thirty days of being served with the initial pleading.  28 U.S.C. § 1446(b).  The time limit is mandatory and is strictly construed in favor of state court jurisdiction.  *See McHugh*, 953 F. Supp. at 299 (internal citations omitted).  If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed.  *Id.*  Strictly construing the removal rules "promote[s] expedited identification of the proper tribunal."  *Id.*

## IV.    DISCUSSION

The case at bar presents a number of issues concerning this Court's jurisdiction. Defendants' contend that this case is properly removed to federal court because this Court has subject matter jurisdiction under SLUSA, and removal is timely because the time limitations imposed by 28 U.S.C. § 1446(b) ("§ 1446(b)") are inapplicable to SLUSA removal.  In the alternative, Defendants argue that removal is timely under § 1446(b) because the recent Supreme Court decision, *Dabit v. Merill Lynch*, 126 S. Ct. 1503 (2006), qualifies as an "order or other paper" from which the case became removable under § 1446(b).  Plaintiffs argue that the current removal was untimely, because § 1446(b) does apply to SLUSA removal, and that a later court decision, in an unrelated case, does not qualify as an "order or other paper" for purposes of § 1446(b).  Both parties also make arguments regarding the merits of Defendants' SLUSA preclusion argument, however, as this Court finds that Defendants' notice of removal was untimely, it is not necessary to address the substantive arguments.[2]

_____

[2]As the Supreme Court noted in *Kircher v. Putnam trust Funds*, 126 S.Ct. 2145, 2156 (June 16, 2006), "the district court does not have the last word on preclusion under the Act, for nothing in the Act gives the federal courts exclusive jurisdiction over preclusion decisions."  The Court further states that "a defendant can elect to leave a case where the plaintiff filed it and trust the state court (an equally competent body) to make the preclusion determination."  *Id.* (internal citation omitted).  This Court's decision that the case was not timely removed, does not prevent the State Court (a court of competent jurisdiction) from deciding that, in light of *Dabit*, the

4

A.      **Applicability of § 1446(b) to SLUSA**

SLUSA provides, in pertinent part, "any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the federal district court for the district in which the action is pending, and shall be subject to paragraph (1)." 15 U.S.C. at § 78bb(f)(2). The SLUSA statute does not provide any time limits, nor does it contain any provision for remanding an action back to state court. Clearly a party can remove a case pursuant to SLUSA, however, the deciding question is whether § 1446 is applicable; both parties make numerous arguments regarding its applicability. District court removal decisions are not reviewable by the court of appeals, therefore there are very few circuit court opinions addressing the issue, none in the Eighth Circuit. The district court opinions addressing the question have gone both ways. *See e.g. Haag v. Webster*, 434 F.Supp.2d 732, 733 (W.D.Mo., 2006) ("concluding 28 U.S.C. § 1446 provides the applicable time limit"); *see contra Kwiatkowski v. Templeton Growth Fund, Inc.*, 2005 U.S. Dist. LEXIS 41946, 3 (S.D.Ill., Aug. 24, 2005) ("Unlike section 1446, SLUSA imposes no time limits on removal."). In reaching its decision, this Court looks at 1) the policy justifications underlying the general removal provision, 2) rules of statutory construction, 3) removal provisions in other federal statutes, 4) the Supreme Court's decision in *Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145 (2006) ("*Kircher*"), and 5) other district court decisions discussing SLUSA removal.

When addressing any removal question it is important to emphasize that removal statutes are to be construed restrictively and all doubts are to be resolved in favor of remanding to state court. *Nichols*, 284 F.3d at 861. The policy reasons for limitations on removal are equally applicable under the present statute, as they are to any other litigation that could have been

───────────────

current action is precluded under SLUSA.

brought in federal court.  Specifically, the reasons for the thirty day time limitation are to "deprive the defendant of the undeserved tactical advantage that it would have if it could wait and see how it was fairing in state court before deciding whether to remove, and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings in the first court."  *In Re Methyl Butyl Ether Products Liability Litigation*, 399 F.Supp.2d 340, 347 (S.D.N.Y., 2005) (internal citations omitted); *see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir. 1982).  These two policy considerations are clearly applicable to SLUSA litigation; if the defendant is permitted to wait until any point in the litigation to remove the action, for example after a state court has determined the case is not precluded by SLUSA, then this would provide an advantage to the defendant, as well as requiring two courts to pass on the same legal question, thus wasting judicial resources.[3]  The policy justifications for limiting the time period in which Defendants can remove an action to federal court support the conclusion that § 1446(b) is applicable to SLUSA removal.

In determining whether the SLUSA language was intended to override the removal provisions in § 1446, as the Defendants contend, this Court must look to the rules of statutory interpretation.  As the Supreme Court noted in *Morales v. Trans World Airlines, Inc.*, "it is a commonplace of statutory construction that the specific governs the general."  504 U.S. 374, 384 (1992); *see also In re Gulevsky*, 362 F.3d 961, 963 (7th Cir. 2004) ("[W]hen both a specific and a

_____

[3]The Defendants argue that the present case is distinguishable from the cases cited by the Plaintiffs because of the extensive proceedings that had taken place in the state court prior to the defendant seeking removal.  *See e.g. Gordon v. Buntrock*, 2005 U.S.Dist.LEXIS 57 (N.D. Ill., Jan. 4, 2006) (involved a re-removal after four years of proceedings in state court, including motions to dismiss, discovery and summary judgment.)  However, the suggestion that whether a case is properly removed should be based on the extensiveness of the state court proceedings is unpersuasive.  The question is whether or not the § 1446(b) removal provision applies to SLUSA generally, not whether it should apply based on the facts of the present case.

general provision govern a situation, the specific controls."). The difficulty in this case arises in determining which rule is general and which is specific. The language in § 1446 clearly provides more specific guidelines than the removal provision in SLUSA, however, it could also be argued that the SLUSA provision is the specific removal provision for that statute, and § 1446 applies generally where a statute does not have a removal provision. Indeed, these are the two arguments presented by Plaintiffs and Defendants in the present case. This Court is also mindful of the Supreme Court's warning that "[c]anons of construction. . .are simply 'rules of thumb' which will sometimes help courts determine the meaning of legislation." *Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996) (internal citations omitted). The Court goes on to state that "[t]o aply a canon properly one must understand its rationale. This Court has understood the present canon ('the specific governs the general') as a warning against applying a general provision when doing so would undermine the limitations created by a more specific provision." *Id.* This canon of construction, along with the Supreme Court's articulation of the underlying rationale, persuade the Court to apply § 1446(b) to SLUSA, so as not to undermine the limitations created by that statue.

In further suppot of its conclusion, this Court looks at other statute specific removal provisions and how they have been interpreted in relation to § 1446(b). Defendants point to the Class Action Fairness Act of 2005 (CAFA) as evidence that if congress had intended § 1446(b) to apply to SLUSA they would have included such a restriction in the text of the statute. CAFA states, in pertinent part, "[a] class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply). . .." 28 U.S.C. § 1453(b) (2006). By analogy, the Defendants argue that this is "concrete evidence" that had Congress intended § 1446(b) to apply to SLUSA they would have included it

in the removal provision of SLUSA. *Def. Memo. in Opp. to Mot. to Remand and in Sup. of Cross Mot. to Dismiss*, 10. Although this is initially persuasive, the Court must also look to how statutory provisions without such an explicit reference to § 1446 have been interpreted. The Plaintiffs argue that silence in a statutory provision does not mean that Congress intended for § 1446 to be inapplicable, rather Plaintiffs contend that no exception was intended if Congress did not explicitly create one, as in CAFA. *Pl. Reply in Sup. of Mot. to Remand and Opp. to Mot. to Dismiss*, 4. Other courts in analyzing this same question have agreed with the Plaintiffs' reasoning, that generally statutes containing a removal provision are subject to § 1446. *See e.g. Burns v. Prudential Secuities, Inc.*, 2006 WL 1932310, at 3 (N.D.Ohio, July 10, 2006) ([C]ourts analyzing the timeliness of removal under other removal statutes that do not mention any procedural restrictions generally have held that § 1446's requirements apply."). The Plaintiffs cite to a number of cases in support of their argument. *See e.g. Edwards v. Blue Cross/Bule Shield*, 2005 U.S.Dist. LEXIS 9981 (D.Tex., May 25, 2005) ("The deadline for removing under § 1442(a)(1) Federal Officer Removal Statute is governed by 28 U.S.C. § 1446(b)."); *Thorp Finance Corp. v. Lehrer*, 587 F.Supp. 533, 534 (D.C.Wis., 1984) (Court holds that an action under § 1443 is not removable because Defendants failed to satisfy the procedural requirements of § 1446(b).). However, this Court notes, that the previously cited cases all involve statutes that are under the chapter of the United States Code specifically labeled "Removal of Cases from State Courts," unlike the SLUSA provision which is part of an entirely separate statute. In a situation more closely analogous, the district court for the Eastern District of Arkansas, found that "[w]hile section 1441a(l) obviously governs removal by the RTC, FIRREA does not expressly prohibit RTC from removing cases under 28 U.S.C. § 1441(a) [general removal provision] and we therefore read its removal provisions to supplement, rather than to replace, those of § 1441(a)."

*Resolution Trust Corp. v. Sloan*, 775 F.Supp. 326, 328 (E.D.Ark., 1991) (internal citations omitted). If this same logic is applied in the present case, then the SLUSA provision would be read in conjunction with § 1446(b), as there is no language expressly denying the application of § 1446(b). It is not inconsistent with the statutory text of SLUSA to apply the provisions of § 1446(b).

Both parties present arguments based on the Supreme Courts decision in *Kircher*, in which the Supreme Court ruled on the question of whether 28 U.S.C. § 1447(d), the remand provision, precluding appellate review of remand orders, is applicable to cases removed to federal court under SLUSA. 126 S.Ct. 2145, 2153 (2005). There are portions of the *Kircher* opinion that can be used to support both parties positions, however, the question is not before the Court, and therefore it is not part of the Court's holding. In support of Defendants position, the Supreme Court notes that SLUSA contains a "preclusion provision and a removal provision" and then quotes the language of 15 U.S.C. § 77p(c). *Id.* at 2150-51. The Defendants argue that *Kircher* is distinguishable from the case at bar because there is a specific removal provision, but not a specific remand provision, therefore the Supreme Court was obligated to look to § 1447(c), the general remand provision. In reaching its decision, the Supreme Court also notes that in interpreting the applicability of the remand provision, the Court assumes that "Congress is aware of the universality of the practice of denying appellate review of remand orders when Congress creates a new ground for removal," and that "absent a clear statutory command to the contrary" they look to 1447(c) to determine the reviewability of remand orders under the Act. *Id.* at 2153. The Defendants argue from the Supreme Court reasoning, that because there is clear statutory language in SLUSA addressing removal, the removal statute in § 1446(b) is unnecessary.

Plaintiffs look at the same case as evidence that the Supreme Court intended the general provisions of 28 U.S.C. §§ 1441 *et seq.* to apply to SLUSA, which would include § 1446(b) and § 1447(c), the statute at issue in that case. Furthermore, the Court emphasizes the ability of state courts to make substantive rulings under SLUSA. *Id.* at 2156. The facts in *Kircher*, are similar to those in the case at bar, in that the outcome of the original removal and remand was likely incorrect in light of the Supreme Court's decision in *Dabit*; the Supreme Court recognizes this fact and still requires that the district court's decision to remand stand, and held that no appellate review is available. *Id.* at 2145 ("review is unavailable no matter how plain the legal error in ordering the remand.").[4] The Supreme Court's decision in *Kircher* is not dispositive here as it is not directly on point with the case at bar, and can be read to support both Plaintiffs' and Defendants' positions.

Lastly, this Court looks at other district court decisions which have decided the question before this Court. Defendants correctly cite to two district court decisions from the Southern District of Illinois, which squarely held that SLUSA removal is not subject to the limitations of § 1446(b). *Bradfisch v. Templeton Funds, Inc.*, 2005 U.S.Dist. LEXIS 14500, at 6-8 (S.D. Ill., July 12, 2005) (The court found that "[c]learly, removal under § 1446(b) is not available at this point," but went on to hold that removal was timely under SLUSA's own removal provision, which provides a "separate basis for removal."); *Kwiatkowski v. Templeton Growth Funds Inc.*, 2005 U.S. Dist. LEXIS 41946, at 4 (S.D. Ill., Aug. 24, 2005) ("Unlike section 1446, SLUSA imposes no time limits on removal."). Plaintiffs respond by citing a number of court decisions to

---

[4]The Court makes this observation for purposes of analyzing whether the second removal of this case was justified under SLUSA's removal provision, and is not making a determination on whether the facts of this case would require preclusion under SLUSA. That is a decision that will be made the Circuit Court for the city of St. Louis, Missouri.

the contrary. *See e.g. Burns v. Prudential Securities, Inc.*, 2006 WL 1932310, at 3 (N.D. Ohio, July 10, 2006) ("The default rule is that § 1446 applies, absent specific language abrogating its procedural requirements."). In a recent Missouri District Court opinion, the court agreed with the Plaintiffs, that removal under SLUSA is governed by the time limits provided in § 1446(b). *Haag v. Webster*, 434 F.Supp.2d 732, 733 (W.D.Mo. 2006) ("SLUSA does not provide a time limit for removal, which leads Defendants to argue there is no time limit. The Court disagrees."). Although two district courts have found to the contrary, this Court agrees with the authority that supports applying § 1446(b) to SLUSA.

Having reviewed the policy justifications for removal, the canons of statutory construction, the application of § 1446(b) to similar removal provisions, as well as other district court opinions, this Court holds that the correct interpretation is that SLUSA is governed by the procedural requirements of § 1446. Had Congress intended SLUSA to be exempt from such requirements, they could have specifically stated that intent within the SLUSA removal provision. Furthermore, a majority of district courts have held that § 1446(b) is applicable to SLUSA removal. Having determined that § 1446 is applicable, the Court must next address whether Defendants' removal was timely.

**B.   If §1446(b) applies, was removal timely**

§ 1446(b) states, in pertinent part,

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ...

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, *order or other paper* from which it may first be ascertained that the case is one which is or has become removable. . ...

28 U.S.C. § 1446(b) (emphasis added).  Defendants initial notice of removal was clearly timely, filed with this Court on May 13, 2005, and subsequently was remanded to state court.  However, the present notice of removal was filed by Defendants on April 19, 2006, more than a year after the suit was initially filed in the circuit court.  Defendants assert that removal was timely, within the terms of § 1446(b), because Defendants filed their notice of removal within 30 days of the Supreme Court's decision in *Dabit*.  The Plaintiffs disagree with Defendants assertion that a Supreme Court decision can constitute an "order or other paper" for purposes of § 1446, arguing that the present removal is untimely.  In reaching its decision, this Court again notes the importance of respecting the jurisdiction of the state court, and that the party seeking removal has the burden of showing that removal is proper, with any doubts being decided in favor of remand. *In re Bus. Men's*, 992 F.2d at 183.

The Defendants cite two cases in support of their contention that a controlling Supreme Court decision is sufficient to "start the § 1446(b) 30-day clock running." *Def. Memo. in Opp. to Mot. to Remand and in Sup. of Mot. to Dismiss*, 12.  Assuming, without deciding, that the Supreme Court's decision in *Dabit* changes this Court's previous decision that removal was not appropriate under SLUSA, this Court is still unpersuaded that the 30-day clock of § 1446(b) was reset by this decision. *Smith v. Burroughs Corp.*, cited by Defendants, is distinguishable, as the court in that case specifically notes that "the law at the time the suit commenced forbid Defendant from removing the action and in fact subjected the Defendant to sanctions if removal was attempted." 670 F.Supp. 740, 741 (E.D. Mich.. 1987).  Although the Court does go on to hold defendants petition to remove was timely because it was filed within 30 days of the Supreme Court rendering its opinion, the facts are unique. *Id.*  The second case cited by Defendants does support their position, but is a minority opinion which this Court declines to accept. *Davis v.*

*Time Insurance Co.*, 698 F.Supp. 1317, 1322 (S.D. Miss., 1988) ("[T]his Court perceives no difference between a situation where an amended complaint adds a new federal question and one where a recent United States Supreme Court decision invigorates a pleading with federal character. In both instances, a federal basis is supplied where previously none was."). Although the Court recognizes the legitimacy of Defendants argument, the Court declines to accept it.

This Court recently held that a subsequent Supreme Court decision cannot be the basis for removal under § 1446(b), and reaches the same result here.[5] In *Craft v. Philip Morris Companies, Inc.*, 2006 U.S.Dist. LEXIS 28081 (E.D.Mo., March 17, 2006), and *Black v. Brown & Williamson Tobacco Corp.*, 2006 U.S. Dist. LEXIS 26212 (E.D. Mo, March 17, 2006), this Court held that a subsequent Supreme Court decision was not an "order or other paper" for purposes of § 1446(b). *Craft*, 2006 U.S. Dist. LEXIS 28081, at 16; *Black*, 2006 U.S. Dist. LEXIS 26212, at 15. Furthermore, in a case very similar to the case at bar, the Northern District of Ohio held that "new grounds" as used in paragraph 2 of § 1446(b) "means a different set of facts, not a new legal theory or subsequent case law." *September Winds Motor Coach v. Medical Mutual of Ohio*, 2005 U.S. Dist. LEXIS 14982, at 5 (N.D. Ohio, July 19, 2005). This Court concludes that the Supreme Court decision in *Dabit*, does not provide a new ground for removal, and therefore, removal is untimely under § 1446(b).

## IV.  CONCLUSION

Defendant has not met its burden of showing removal was proper and therefore Plaintiffs' Motion to Remand is granted. This Court holds that the procedural requirements of § 1446(b) are applicable to cases removed under 15 U.S.C. § 78bb(f)(2), the SLUSA removal provision.

---

[5]This Court respectfully notes that Defendant candidly admitted to the presence of prior decisions that were contrary to their position, and their diligence in drawing this Court's attention to jurisprudence in support of their position.

This Court further holds that Defendants' second notice of removal was not timely within § 1446(b). It is therefore unnecessary to determine whether the Supreme Court's decision in *Dabit* brings the Plaintiffs' claims within the ambit of SLUSA, and therefore should be dismissed. This is a question which can competently be addressed by the circuit court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [doc. #9] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [doc. #13] is **DENIED** as moot.

Dated this 7th Day of November, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE